**Davis Miles**
**McGuire Gardner**

40 E. Rio Salado Pkwy., Suite 425
Tempe, Arizona 85281
(480) 733-6800
(480) 733-3748 fax
efile.dockets@davismiles.com

Pernell W. McGuire, SBN 015909
M. Preston Gardner, SBN 029868
*Attorneys for Debtor*

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re: | In Chapter 13 Proceedings |
|---|---|
| KEITH MAUREL WILLIAMS, | Case No.: 2:17-bk-14000-ps |
| Debtor. | **STIPULATED ORDER CONFIRMING SECOND AMENDED CHAPTER 13 PLAN** |

The Second Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Second Amended Chapter 13 Plan ("Plan") of the Debtor as follows:

**A. INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 | $ 2,000.00 |
| 2-3 | $ 1,333.00 |
| 4 | $ 1,334.00 |
| 5-60 | $ 2,000.00 |

The payments are due on or before the **27th** day of each month commencing **December, 2017**. Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

1

The Debtor shall provide to the Trustee copies of his **federal** and **state** income tax returns for every year during the duration of the Plan within 30 days after their filing. The purpose is to assist the Trustee in determining any change in Debtor's annual disposable income.

(2) <u>Other Property</u>. None. In the event that other property is submitted to the Trustee by the Debtor, it shall be treated as supplemental Plan payments.

**B. DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If, at any time before the end of the Plan period, all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

**C. CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586 (e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative Expenses</u>.

<u>Attorney Fees</u>. Davis Miles McGuire Gardner, PLLC received a $1,500.00 retainer from the Debtor prior to filing. Counsel shall file a separate fee application for payment of its attorney's fees and costs incurred in this matter. Upon approval by order of the Court, the Trustee shall pay the firm in accordance with that Court order.

(2) <u>Claims Secured by Real Property</u>.

**Select Portfolio Servicing (Deutsche Bank)**, secured by a first deed of trust on Debtor's primary residence, shall be paid the prepetition arrearage of $7,596.28 with 0% interest. Regular post-petition payments—in the monthly amount of $1,157.70 per the secured creditor's proof of claim—will be made by the Chapter 13 Trustee to the secured creditor through the Plan.

**Garden Lakes Community Association**, secured by a statutory lien on Debtor's primary residence, shall have its entire claim classified as an unsecured debt. Upon completion of the Plan, the secured creditor shall release its lien in the real property in accordance with the separate order of the Court. Regular post-petition payments in the amount of $60.00 per month will be made by the Chapter 13 Trustee to the secured creditor through the Plan.

(3) <u>Claims Secured by Personal Property</u>.

**Wilshire Commercial Credit**, secured by a lien in a 2002 Chevrolet Tahoe, shall be paid a secured claim of $1,818.03 with 4.25% interest. The creditor will receive adequate protection payments of $20.00 per month. The balance of the debt shall be classified as unsecured.

**Gateway One Lending**, secured by a lien in a 2004 Lexus SC400, shall be paid a secured claim of $8,000.00 with 6.0% interest. The creditor will receive adequate protection payments of $87.00 per month. The balance of the debt shall be classified as unsecured.

2

**Conn Appliances, Inc.**, secured by a lien in household goods, shall be paid a secured claim of $1,040.00 with 4.25% interest. The creditor will receive adequate protection payments of $10.00 per month. The balance of the debt shall be classified as unsecured.

(4) Unsecured Priority Claims.

The **Internal Revenue Service** shall be paid an unsecured priority claim of $1,097.86 with no interest for prepetition taxes.

The **Arizona Department of Revenue** shall be paid an unsecured priority claim of $1,502.57 with no interest for prepetition taxes.

(5) Surrendered Property.

Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fails to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor surrenders the following property:

| **Claimant** | **Description** |
|---|---|
| None. | |

(6) Other Provisions.

None.

(7) Unsecured Nonpriority Claims. Claim allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

**D. EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in the Debtor upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---

**ORDER SIGNED AND DATED ABOVE**

---

3

*Approved as to Form and Content By:*

DAVIS MILES MCGUIRE GARDNER, PLLC     STANDING CHAPTER 13 TRUSTEE

By: /s/                                           By: /s/ Edward J. Maney, Trustee
Pernell W. McGuire                           ~~Russell Brown~~
M. Preston Gardner                          ~~3838 N. Central Avenue, Suite 800~~
40 E Rio Salado Parkway, Ste 425       ~~Phoenix, AZ 85012-1965~~
Tempe, AZ 85281
*Attorneys for Debtor*

      The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

/s/
Keith Maurel Williams

*Approved as to Form and Content By:*

DAVIS MILES MCGUIRE GARDNER, PLLC     STANDING CHAPTER 13 TRUSTEE

By: _____     By: _____
    Pernell W. McGuire                                                Russell Brown
    M. Preston Gardner                                              3838 N. Central Avenue, Suite 800
    40 E Rio Salado Parkway, Ste 425                  Phoenix, AZ 85012-1965
    Tempe, AZ 85281
    *Attorneys for Debtor*

        The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*/s/ Keith M. Williams*
Keith Maurel Williams